THIRD DEPARTMENT, NOVEMBER, 1968

(November 4, 1968)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM R. LAW, SR., Appellant.— STALEY, JR., J. Appeal from a judgment of the County Court of Chenango County, rendered February 8, 1968, upon a verdict convicting defendant of the crime of possession of a dangerous weapon in violation of subdivision 6 of section 265.05 of the Penal Law of the State of New York. The defendant resides with his wife and eight children in Chenango County, New York. On October 12, 1967 a Deputy Sheriff entered the house while it was unoccupied pursuant to a search warrant, and discovered therein a 16 gauge shotgun and a .22 caliber rifle. The defendant was indicted by the Grand Jury of Chenanago County in January, 1968, and charged with having committed the crime of possession of a dangerous weapon in violation of subdivision 6 of section 265.05 of the Penal Law of the State of New York, in that he did have in his possession a 16 gauge shotgun and a .22 caliber rifle, he having been previously convicted of felony in 1933 of the crime of burglary in the third degree. After a trial, the jury rendered a verdict of guilty. The jury could find, upon the evidence adduced at the trial, that the shotgun was purchased by the defendant in 1963 at a time when it was not unlawful for him to purchase a firearm, as a gift for his wife; that it was given to her immediately after the purchase; that she used it for hunting, and that he never owned or used this shotgun thereafter. The evidence also establishes that the .22 caliber rifle was owned by his son, La Verne Law, and that he acquired it as a gift from an older brother. This testimony is substantiated by the testimony of the Sheriff who stated that the guns had come into his possession in August, 1965 in a manner not explained in the record, and that he had returned the same to the defendant's wife and son pursuant to a court order, and taken their receipt which was introduced in evidence for the guns. There is no evidence that the defendant was ever seen handling the guns or otherwise having them in his physical possession. Subdivision 8 of section 10:00 of the Penal Law defines the word "possess" as follows: "to have physical possession or otherwise to exercise dominion or control over tangible property." The court charged the jury after reading the above definition as follows: "If you find from the evidence that the defendant had immediate control and reach of the weapons, namely, the rifle and shotgun, which were within his immediate reach and control, applying the rule of reasonable doubt, and that the weapons were available to the defendant, and if you are satisfied from the evidence here before you that that is true, your verdict should be guilty." The court thus added to the definition of possession "immediate reach" and "availability" of the weapons, all to the prejudice of the defendant. Although subdivision 1

of section 265.15 provides that presence in a dwelling of a machine gun is presumptive evidence of its unlawful possession by all persons occupying the dwelling, there is no such statutory presumption with regard to a shotgun or rifle. Assuming there is such a presumption with regard to shotguns and rifles, the presumption was overcome by the uncontradicted testimony of the witnesses. The property of a wife is her sole and separate property, and such property is not subject to her husband's control or disposal. (Domestic Relations Law, § 50.) In our opinion the present record does not demonstrate the defendant's guilt beyond a reasonable doubt but it may be possible, upon a retrial, to develop the record further. Judgment reversed, on the law and the facts, and a new trial ordered. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.